**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ERIC AICHER,

    Plaintiff,

  v.                                                                               No. 16-CV-00914-MCA-SMV

NM DEPARTMENT OF CORRECTIONS,
JOHN DOE *1-100*, ACCESS
CORRECTIONS, J. STEWART, A. ALI,
FNU EWING,

    Defendant.

**MEMORANDUM OPINION AND ORDER OF REMAND**

This matter is before the Court, *sua sponte*, following Defendant Keefe Commissary Network, LLC's[1] Notice of Removal and Amended Notice of Removal. [Docs. 1 and 2] Having reviewed the pleadings of record, the relevant case law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject matter jurisdiction and must be remanded to the Fifth Judicial District, Lea County, State of New Mexico.

On June 29, 2015, Plaintiff Eric Aicher, an inmate incarcerated at the Lea County Correctional Facility, filed a complaint in the Fifth Judicial District, Lea County, New Mexico, against the New Mexico Department of Corrections, John Doe 1-100, Keefe Commissary Network, LLC, J. Stewart, A. Ali, and Lt. Ewing. [Doc. 2-1] *See* footnote 1, *supra*. Plaintiff's complaint alleges that Plaintiff ordered and paid for a new mp3 player, an accessory power cord, and over $300.00 in prepaid music from Keefe Commissary Network, LLC, which he never

---

[1] Defendant Keefe Commissary Network, LLC is mistakenly identified in Plaintiff's complaint and in the caption as Access Corrections. [Doc. 2 at 1]

received.  Plaintiff's complaint seeks compensatory damages for the alleged "loss/theft" of the mp3 player, accessory cord, and prepaid music.  [Doc. 2-1 at 1]  More than one year later, on August 11, 2016, Keefe Commissary Network, LLC removed the case to this Court.

"Removal statutes are to be strictly construed . . . and all doubts are to be resolved against removal."  *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citation omitted).  "The party invoking federal jurisdiction has the burden to establish that it is proper and there is a presumption against its existence."  *Salzer v. SSM Health Care of Oklahoma, Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (internal quotation marks and citation omitted).  Pursuant to 28 U.S.C. § 11447(c), a district court must remand a case "[i]f at any time before final judgment it appears that [it] lacks subject matter jurisdiction."  28 U.S.C. § 1447(c).

An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).  "In general, original jurisdiction is lacking unless there is diversity of citizenship or a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (internal quotation marks and citation omitted).

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of

different States." 28 U.S.C. § 1332(a)(1).   According to the Amended Notice of Removal, Plaintiff is a citizen of New Mexico and Keefe Commissary Network, LLC is a "Missouri limited liability company."   [Doc. 2]   A limited liability company, "as an unincorporated association, takes the citizenship of all its members."   *Siloam Springs Hotel, LLC v. Century Surety Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).   Keefe Commissary Network, LLC has failed to allege the citizenship of all of its members and, therefore, its Amended Notice of Removal is insufficient to establish diversity jurisdiction.

Even assuming, *arguendo*, that the Amended Notice of Removal is sufficient to establish that Plaintiff and Keefe Commissary Network, LLC are diverse, there are no factual allegations regarding the citizenship of the remaining defendants.   Diversity jurisdiction under § 1332(a)(1) "exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be complete diversity between *all plaintiffs and all defendants*."   *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (emphasis added).   In the absence of factual allegations regarding the citizenship of each and every defendant, the Amended Notice of Removal is insufficient to establish diversity jurisdiction.

Regardless, it is well established that neither a state nor an arm of the state is a citizen of any state for the purposes of diversity jurisdiction.   *See State Ins. Fund v. Ace Transp. Inc.*, 195 F.3d 561, 563 n.1 (10th Cir. 1999) ("A state, or the arm or alter ego of a state, however, does not constitute a 'citizen' for diversity purposes.").   Defendant New Mexico Department of Corrections is an arm of the state of New Mexico.   *See Blackburn v. Dep't of Corr.*, 172 F.3d 62 (10th Cir. 1999) ("The Department of Corrections is state-controlled and funded and therefore is considered part of the state shielded by Eleventh Amendment immunity.") (unpublished).

Therefore, complete diversity is absent and the Court concludes that it lacks diversity jurisdiction over Plaintiff's complaint.[2]

Alternatively, Keefe Commissary Network, LLC alleges that federal question jurisdiction exists, even though "a federal question is not alleged against [it]," because "the other Defendants do have federal question issues associated with the case" and Plaintiff "is a prisoner of the State of New Mexico." [Doc. 2 at 2]

> Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. . . . Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction.

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011); *see also Caterpillar Inc. v. William*s, 482 U.S. 386, 392 (1987) (noting that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law"). Plaintiff's complaint alleges only state law causes of action against Defendants for the "loss" and "theft" of the mp3 player, accessory power cord, and prepaid music. [Doc. 2-1] Because a federal question does not appear on the face of Plaintiff's complaint, the Court concludes that it lacks federal question jurisdiction.

---

[2] It appears that Plaintiff and the New Mexico Department of Corrections may have settled their claims. [*See* Doc. 13 (Joint Motion For Dismissal Of All Claims Against NMCD Defendants, which was marked filed in error)] However, it is a well-established rule that diversity of citizenship is assessed at the time of removal. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that federal jurisdiction is "to be determined according to the plaintiff's pleading at the time of the petition for removal"); *Pfeiffer v. Hartford Fire Ins. Co*., 929 F.2d 1484, 1488 (10thCir. 1991) (holding that "the propriety of removal is judged on the complaint as it stands at the time of the removal"). Therefore, any subsequent settlement between Plaintiff and the New Mexico Department of Corrections does not affect the Court's conclusion that diversity jurisdiction is absent in the present case.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over the present case. Therefore, the case will be remanded back to the Fifth Judicial District, Lea County, State of New Mexico.

IT IS THEREFORE ORDERED that this case is REMANDED back to the Fifth Judicial District, Lea County, State of New Mexico.

_____
UNITED STATES CHIEF DISTRICT COURT JUDGE